UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW WILKINS, on behalf of himself and all others similarly situated, | ) Case No: 2:24-cv-5189-PD<br>)<br>) |
| Plaintiff, | ) FIRST AMENDED COMPLAINT –<br>) CLASS ACTION |
| Vs. | )<br>) |
| FIVE GUYS ENTERPRISES LLC, INC., | )<br>) |
| Defendant. | )<br>) |

Plaintiff, Andrew Wilkins (hereinafter, "Plaintiff"), a Pennsylvania resident, brings this class complaint by and through the undersigned attorneys against Defendant Five Guys Enterprises LLC, Inc. (hereinafter "Defendant"), for its violations of the Americans with Disabilities Act ("ADA"), individually and on behalf of a class of all others similarly situated.

## INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the ADA as a way of banning discrimination based on disability. The ADA guarantees that people with disabilities, such as the Plaintiff, have the same opportunities as everyone else to participate in the mainstream of American life.

2.  Case law is clear that those opportunities include access to web content, by requiring business websites to include screen readers and other assistive technologies to ensure consumers with disabilities have the same access as everyone else.

3.  The ADA contemplates injunctive relief when the ADA is violated:

    In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . .

42 U.S.C. § 12188(a)(2).

## **NATURE OF THE ACTION**

4.      Plaintiff brings this civil rights action, individually and on behalf of those similarly situated, seeking redress for Defendant's actions which violate the ADA.

5.      Plaintiff, like approximately 2.0 million other people in the United States, is visually impaired and legally blind.

6.      Upon visiting Defendant's website, https://www.fiveguys.com    (hereinafter referred to as"Website"), Plaintiff quickly became aware of Defendant's failure to maintain and operate its website in a way to make it fully accessible for himself and for other blind or visually-impaired people.

7.      The Internet has become a significant source of information, if not the most significant source, for conducting all types of necessary activities, such as banking and shopping.

8.      This is equally true for people with disabilities and those without disabilities.

9.      Fortunately, technology known as screen-reading software provides the blind and visually-impaired the ability to fully access websites and websites, and the information, products,goods and contained thereon.

10.     However, for screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access the same content available to sighted users.

11.     The international website standards organization known throughout the world as W3C, has published guidelines that should be followed to ensure website accessibility. The most recent version, version 2.1, is referred to as the Web Content

Accessibility Guidelines ("WCAG 2.1").

12. Defendant's denial of full and equal access to its website, and therefore denial of its goods and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

13. Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers.

**JURISDICTION AND VENUE**

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

16. Plaintiff Andrew Wilkins, at all relevant times, is and was a resident of Exton, Pennsylvania.

17. Plaintiff is a blind, visually-impaired handicapped person and a member of member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR § 36.101 *et seq*.

18. Defendant is and was at all relevant times a company doing business and marketing to Pennsylvania customers.

19. Defendant's Website, and its goods and services offered there upon, is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

20. Defendant maintains several physical locations close to Plaintiff in Downingtown, Wayne, Media and Glen Mills, Pennsylvania, where consumer can make food purchases. Defendant's Website is used in conjunction with its physical locations, providing information concerning what is offered by Defendant at the physical locations, the opportunity to order online for pick-up or delivery from the physical

locations, and providing information online to access the physical locations, such as the locations of the physical locations.

## ALLEGATIONS OF FACTS

21. In or around November 2023, Plaintiff visited Defendant's website looking to order food, using a popular screen reading software called Voice Over, with the intent of browsing to order food.

22. Despite his efforts, however, Plaintiff, a visually impaired or blind person, was denied access similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred Plaintiff from being able to enjoy the privileges and benefits of Defendant's public accommodation, including finding a physical store and the ability to order food.

23. As a result of visiting the website, Plaintiff is aware that Defendant's website includes multiple barriers that make it impossible for himself, and any other visually impaired or blind person, from enjoying access to the websites content equally to that of a sighted user.

24. For example, many features on the website fail to accurately describe the content of graphical images, fail to properly label titles, fail to distinguish one page from another, contain multiple broken links, contain headings that do not describe the topic or purpose, and contain text that is not read.

25. These access barriers effectively denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do.

26. Upon information and belief, Defendant has not, and has never, had adequate policies and procedures in place to ensure the website is and will remain accessible to the blind and/or visually impaired.

27. Due to Defendant's failure and refusal to remove access barriers to its website,

Plaintiff and visually-impaired persons, who need screen-readers to access websites, have been and are still being denied equal access to Defendant's website, and the numerous goods and services and benefits offered to the public through the Website.

28.    The access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and have caused the Plaintiff real harm.

29.    Plaintiff believes the barriers still exist and deter others from making use of the website. Plaintiff will routinely visit websites to order food, and intends to visit both the website and the physical locations in the future to obtain food, but will only be able to fully use the website once the barriers are removed.

30.    If the website was equally accessible to all, and if simple compliance with the WCAG 2.1 guidelines were met, Plaintiff could independently navigate the website and complete a desired transaction as sighted individuals do.

31.    Because of this, Plaintiff alleges that Defendant has engaged in acts of intentional discrimination, including maintaining a website that is inaccessible to members of a protected class.

32.    Due to Defendant's violations of the ADA, and the harm it has caused, Plaintiff seeks damages, fees, costs, and injunctive relief.

33.    Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the Website, violating their rights.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a nationwide class defined as follows:

All legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment

of goods and services during the relevant statutory period.

35.    Common questions of law and fact exist amongst Class, including:

      a.    Whether Defendant's Website are a "public accommodation" under the ADA, or whether the injuries bear a nexus to a public accommodation; and

      b.    Whether Defendant's Website denies the full and equal enjoyment of its products, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the ADA.

36.    Plaintiff's claims are typical of the Class. The Class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA by failing to update or remove access barriers on its Website so either can be independently accessible to the Class.

37.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate because Defendant has acted or refusedto act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

38.    Alternatively, class certification is appropriate because fact and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

39.    Judicial economy will be served by maintaining this lawsuit as a class action in that

it is likely to avoid the burden that would be otherwise placed upon the judicial

system by the filing of numerous similar suits by people with visual disabilities

throughout the United States.

## **FIRST CAUSE OF ACTION**
### **VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.***

40.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges every

allegation of the preceding paragraphs as if fully set forth herein.

41.    Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

No individual shall be discriminated against on the basis of disability in the full and
equal enjoyment of the goods, services, facilities, privileges, advantages, or
accommodations of any place of public accommodation by any person who owns,
leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

42.    Defendant's Website is a public accommodations within the definition of Title III

of the ADA, 42 U.S.C. § 12181(7). The Website is a service that is offered to the

general public, and as such, must be equally accessible to all potential consumers.

43.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to

deny individuals with disabilities the opportunity to participate in or benefit from

the products, services, facilities, privileges, advantages, or accommodations of an

entity. 42 U.S.C. § 12182(b)(1)(A)(i).

44.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to

deny individuals with disabilities an opportunity to participate in or benefit from

the products, services, facilities, privileges, advantages, or accommodation, which

is equal to the opportunities afforded to other individuals. 42 U.S.C. §

12182(b)(1)(A)(ii)

45.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also

includes, among other things:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

46.    The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

47.    Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

### SECOND CAUSE OF ACTION
### DECLARATORY RELIEF

48.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

49.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that its Website

-8-

contains access barriers denying blind customers the full and equal access to the products, services and facilities of its Website, which Defendant owns, operations and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*, prohibiting discrimination against the blind.

50.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*;

b.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.    A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*

d.    An order certifying the Class, appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

e.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f.    Such other and further relief as this Court deems just and proper.

Dated:      October 16, 2024

Respectfully submitted,

*/s/ Daniel Zemel*
Daniel Zemel, Esq.
dz@ZemelLawllc.com
400 Sylvan Ave.
Suite 200
Englewood Cliffs, New Jersey
07632
Tel: (862) 227-3106
ATTORNEYS FOR PLAINTIFF